IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NECA LOCAL UNION NO. 313 IBEW HEALTH AND WELFARE FUND, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> KAM ELECTRIC, INC., <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) C.A. No. 23-00800-GBW-SRF |

## MEMORANDUM ORDER

At Wilmington this **6th** day of **May 2025**, the court having considered the motion for sanctions (D.I. 31) pursuant to Federal Rule of Civil Procedure 45(g), against KAM Electric, Inc.'s ("Defendant") owner, Kenneth A. Mosley ("Mosley"), filed by Plaintiffs, N.E.C.A. Local Union No. 313 I.B.E.W. Health and Welfare Fund ("Welfare Fund"), N.E.C.A. Local Union No. 313 I.B.E.W. Pension Fund ("Pension Fund"), N.E.C.A. Local Union No. 313 I.B.E.W. Deferred Income Plan ("DIP Fund"), I.B.E.W. Joint Apprenticeship & Training Center Fund N.E.C.A. Local Union 313 ("Apprenticeship Fund"), and the International Brotherhood of Electrical Workers Local Union No. 313 (the "Union") (collectively the "Plaintiffs"), IT IS HEREBY ORDERED that Plaintiffs' motion for sanctions is DENIED, and Plaintiffs are granted leave to re-notice the deposition for the following reasons:

1. **Background.** A default judgment against the sole Defendant, KAM Electric, was entered in favor of the Plaintiffs on July 31, 2024. (D.I. 29) On December 28, 2024, Mosley was personally served with a deposition subpoena to testify, individually, along with Defendant, KAM Electric, on February 7, 2025, at 10:00 a.m. and to produce documents by January 24,

1

2025. (D.I. 30) Mosley did not appear in the offices of Plaintiffs' counsel for the deposition or produce the documents requested, nor did he object to the subpoena by motion or otherwise. (D.I. 31 at 7–10) Mosley instead contacted Plaintiffs on February 6, 2025, at 6:44 PM, via electronic mail, stating that he would not be attending the deposition the following day since he was "working to obtain counsel." (D.I. 31-1)

2.  Plaintiffs argue that Mosley's late notification of his unavailability for the deposition was sent after office hours on the night before the deposition and caused Plaintiffs to incur a cancellation fee from Lexitas Court Reporting in the amount of $250.00. (D.I. 31-2)

3.  On February 24, 2025, Plaintiffs filed this motion for sanctions pursuant to Fed. R. Civ. P. 45(g) (the court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena), requesting an Order compelling Mosley's attendance and the production of documents at a deposition in accordance with the previously issued subpoena, a cancellation fee of $250.00, and an Order to Show Cause why Mosley should not be held in contempt should he fail to appear for a deposition as Ordered by the Court. (D.I. 31)

4.  **Legal Standard.** "[T]he power of the Court to impose sanctions in discovery matters is undisputed, and the exercise of that authority rests in the sound discretion of the Court." *Bartos v. Pa.*, 2010 WL 1816674, at *6 (M.D. Pa. May 5, 2010); *see Wisniewski v. Johns–Manville Corp.*, 812 F.2d 81, 90 (3d Cir.1987). "Rule 37(b)(1) provides the appropriate means to sanction a nonparty" who fails to appear at deposition or fails "to follow the court's directions." *General Ins. Co. of Am. V. Eastern Consol. Utilities, Inc.*, 126 F.3d 215, 220 n.3 (3d Cir. 1997); *see also Miller v. Transamerican Press, Inc.*, 709 F.2d 524, 531 (9th Cir. 1983) (noting that Rule 37(b)(1) sanctions may be available against nonparty deponent who failed to appear at a deposition in violation of a court order); *see also Adesanya v. Novartis Pharms.*

2

*Corp.*, 2016 WL 4401522, at *5 (D. N.J. August 15, 2016) (internal citations omitted) ("Sanctionable misconduct by a non-party witness can include failure to appear"). Sanctions should "always be narrowly tailored to meet the misconduct, and should entail no greater punishment than is reasonably necessary to address the specific wrongdoing that confronts the court." *Bartos*, 2010 WL 1816674, at *6; *see also Klein v. Stahl, GMBH & Co., Maschinefabrik*, 185 F.3d 98 (3d Cir. 1999). However, "[f]ees can only be assessed against non-party witnesses upon a finding of civil contempt." *Yarus v. Walgreen Co.*, 2015 WL 4041955, at *5 (E.D. Pa. July 1, 2015). "Rule 45(g) permits the court issuing a subpoena to hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." *Id.* at *3 (internal quotations omitted).

    5. **IT IS HEREBY ORDERED:** Plaintiffs' motion for sanctions as to Mosley is DENIED without prejudice. Plaintiffs have not satisfied the requirements for the court to grant sanctions against the nonparty Mosley on the present record. Further, "[m]onetary sanctions are not expressly made available against a nonparty" absent a finding of civil contempt. *Yarus*, 2015 WL 4041955, at *3. A finding of civil contempt against a nonparty is a high burden, and the following elements must be met: "(1) a valid court order existed, (2) the [individual] had knowledge of the order; and (3) the [individual] disobeyed the order." *Harris v. City of Phila.*, 47 F.3d 1311, 1326 (3d Cir. 1995); *see* Fed. R. Civ. P. 45(g) ("The court ... may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it"). Plaintiffs have not met this burden to satisfy those elements on the present record. *See Miller*, 709 F.2d at 531 (Rule 37(b) "provides sanctions only for failure to obey a court order"); *see also General Ins. Co.*, 126 F.3d at 220 n.3 (Rule 37(b)(1) "grants a district court the authority to punish a nonparty for failing to follow the court's directions").

3

6. Mosley's conduct is not so egregious as to warrant sanctions at this stage. *See Yarus*, 2015 WL 4041955, at *5 (denying party's motion for monetary sanctions against nonparty witnesses and instead instructing party to make one final attempt to depose witnesses); *see also Davis v. Gas Recovery, LLC*, 2022 WL 1316486 (D. Del. May 3, 2022) (same). Mosley attempted to contact the Plaintiffs prior to the deposition to inform Plaintiffs' counsel of his intention to seek counsel to represent him at the deposition. The original subpoena was not limited to Mosley but was also directed to KAM Electric. The defaulted corporate Defendant, KAM Electric, cannot appear in a court proceeding, i.e., a deposition, without counsel. *See Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-02 (1993); *see also James v. Daley & Lewis*, 406 F. Supp. 645, 648 (D. Del. 1976). Additionally, a non-lawyer, i.e., Mosley, may not represent KAM Electric. *See Van De Berg v. C.I.R.*, 175 F. App'x 539, 541 (3d Cir. 2006). Notwithstanding Mosley's notification of cancellation on the eve of the deposition, the court finds that he should be provided another opportunity to comply individually, on his own behalf, with a deposition subpoena.

7. Thus, the court grants leave to the Plaintiffs to serve another subpoena on nonparty Mosley to appear for a deposition and produce records within thirty (30) days of the date of this Order.

8. **IT IS FURTHER ORDERED:** Nonparty, Kenneth A. Mosley, Jr., is ordered to attend a deposition "at a time and place designated by Plaintiff[s] within thirty (30) days of the date of this Order." *General Ins. Co.*, 126 F.3d at 217.

9. Plaintiffs shall serve a copy of this Memorandum Order upon the nonparty witness Mosley with service of the subpoena for his deposition and shall provide the court with proof of service of the same.

**10. Conclusion.** Accordingly, Plaintiffs' motion for sanctions is **DENIED without prejudice**.

11. This Memorandum Order is filed pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and D. Del. LR 72.1(a)(2). The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Memorandum Order. Fed. R. Civ. P. 72(a). The objections and responses to the objections are limited to four (4) pages each.

12. The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website, www.ded.uscourts.gov.

Dated: May 6, 2025

Sherry R. Fallon
UNITED STATES MAGISTRATE JUDGE